Our next case is Steele v. McDonough, 22-2282. Before the parties come up, we're going to have, let's see. Now, go ahead, Mr. Colonel. Are you taking the picture? Okay. One, two, three. One more. I'm going to flip this way real quick. Sorry. One, two, three. Great. Thank you. Thank you, sir. Mr. Carpenter, I feel like I just saw you yesterday. It occurs to me that that was exactly what happened yesterday. You have reserved five minutes of your time for a vote, correct? Yes, sir. All right. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Kevin Steele. The determination of the Veterans Court in this case was that the board decided the issues of service connection, which is premised, in our view, based upon a misrepresentation of the relevant and applicable regulation for rating traumatic brain injury. And if the panel does not object, I will refer to that as TBI rather than repeating traumatic brain injury over and over again. And under this regulation, we believe the orders that were issued relative to service connection, both granting and denying, were not appropriate. And therefore, that implicated the provisions of 7104D3. Your argument is that the board should have provided separate grants of connection. No, Your Honor, not quite. It's the service connection. Separate rating. Separate rating. You're looking for a rating. Shouldn't you have submitted a NOD document in order to have this argument, to raise the argument before the board and then the Court of Appeals? I don't think so, Your Honor. This is a continuously- I mean the notice of disagreement when I said NOD. Yes, yes, notice of disagreement. This is a continuously pursued claim from the original grant of service connection for TBI. And during the course of the proceedings, including one prior- You were looking for service connection. That's what the case was about. Turned into the rating. You win. You won. Well, we won. And now you're raising another argument, which it seems to me, as you were told by the Court of Veterans Claims, that you should have filed a notice of disagreement and proceeded before the board first. And that certainly would have been an option. However, Congress, at 7104A, requires that the board, in reaching its decisions, consider all potentially applicable provisions of law. This Court has just recently addressed that issue under 7104A- excuse me, under 7104D1. We believe that the board had an obligation to both consider the provisions that apply to rating and not to service connection, because this- Where's that obligation? What's the legal authority for the obligation? 7104A. 7104A requires that the board, in its decision, consider the entire record and all potentially applicable provisions. You want us to instruct the board. No, I wanted the Veterans Court to instruct the board. And there's no legal authority for that. Well, I believe there is legal authority for that, Your Honor, under 7104D3, because Congress expressly mandated that the orders from the board, whether granting or denying, must be appropriate. And appropriate in the context of a non-adversarial system of adjudication puts a different spin or a different perspective on the word appropriate. And Congress, why they would have added that qualifier to orders is precisely, I believe, the legal question that we presented below and the question that we're asking this Court to answer. So in your view, what would the order need to say to constitute an appropriate order? Because you just picked the appropriate relief, order granting appropriate relief. The appropriate relief would have been to direct the agency not to recognize these conditions as service connected, because TBI was already service connected. But rather, under the provisions of 4.12A and Diagnostic Code 8045, they should have instructed the board on each of these conditions to award compensation based upon the plain language of this regulation. Because this regulation is unique amongst VA regulations that relate to the rating of disabilities. Because this regulation, different from any other regulation, recognized that there is a central source of the entitlement to compensation. And that primary source is the TBI. But there are a wide variety of both subjective and diagnosed conditions that are additionally compensable for TBI when the evidence of record shows that. And by finding, as they did, that these additional conditions were all related to TBI, then that should have increased the rating and not added additional layers of service connection. Do you think there needs to be service connection, though, in order to get such a rating? Yes, and Mr. Steele is. He is service connected for TBI. And that's the critical part about why these orders are not appropriate. They are not. That you did not argue before the board. Oh, not before the board. No, we are. Before the court. Well, before the Veterans Court, we did, yes. You did? Yes, that was our primary directive to them that under 7104D3, the court had the responsibility to review whether the orders granting and denying service connection were appropriate given that TBI was already granted service connection and that under the rating code. Now, the Veterans Court concluded... The argument that I'm referring to is that the board should have provided a separate grant of connection. And that wasn't argued to the board, is what we're asking. No, that was not argued to the board because in our view, Mr. Steele relied upon 7104A. But are you making that argument to us? No, I'm not making that argument to you. I slipped on that banana peel before. I'm not making that argument. The argument that I'm making to you is that the Veterans Court made an error of law in refusing to address the applicability of both the diagnostic code for rating and not service connection purposes and the obligation of the board to issue appropriate orders. And the orders that they issued were for service connection, both granting and denying. And that ends up ultimately denying Mr. Steele the opportunity to get all of the compensation that he is entitled to for his TBI, all of the residuals of that TBI. And those conditions do not require a separate finding or legal determination of service connection. The service connection was dealt with and granted by the matter that started this original proceeding back in 2017, which was the grant ultimately of the prior denial of service connection for his TBI. And then over the years, as the board recognized, there were a variety of representations made by Mr. Steele that he had these additional disabilities that were related to his TBI injury. None of these additional or other types of conditions or disabilities were related to any other cause other than his already service connected. What advantage do you get if there's a separate findings of service connection or the rating as opposed to a collective rating as was done here? What's the advantage to your client? That the VA does not, as it has done in this case, combine those additional disabilities as part and parcel of the TBI. They are entitled to a separate rating and then those ratings are to be combined under 4.125. I'm sorry to finish. Yes, sir. I'm clearly the newest person to dealing with this. So if we're dealing with DC 8045. Correct. Explain to me where in that, because I couldn't find it, it has this requirement that they make these separate findings. In the notes, Your Honor. Okay. I think I've got it right here. It begins with note one following an extensive description about the three main functions or three main areas of dysfunction that may result from TBI. And they go on and at note one, they talk about the overlapping manifestations. At two, they talk about the symptoms and examples of certain evaluation levels that are not symptoms but must be present in order to assign a particular evaluation. And it simply goes on in that note from there to describe. And in fairness, Your Honor, this is a very complex process to figure out what the right way is to evaluate. What's the wrong advantage to your client? Because he gets recognized for each of these additional disabilities under the diagnostic code. And therefore, he is entitled under that diagnostic code to be separately rated for each one of these. My client's concern is. Why are you insisting on the separate rating? That's what I'm asking. What's the advantage? Because he is not being rated. When he got service connection for PTSD, they rated his PTSD together with his TBI. And the TBI rating was 70. They service connected him for PTSD, found that he met the mental health criteria for a 70% rating. And he gets a rating of 70%. Not two separate 70% ratings. And that's exactly what's going to happen with these other conditions. If we were to agree with you, it would posture the veteran to be able to seek additional ratings if he has separate ratings now as opposed to a collective rating. That's correct. That's correct. And that was. And you're into your rebuttal time. Oh, I'm sorry, Your Honor. I will retain the balance. Okay. Unless there's further questions. Excuse me, Mr. Crump. Do you have any questions? Only that when you get back up, I'm going to ask you essentially the same question about 7104D3 to help me out. You can answer the question now. Oh, all right. Just literally again, where in 7104D3 specifically. It is the use of the word appropriate. It is a qualifier. It is an adjective, whatever you want to describe it as, that adds language to the statute that the decisions not only have to include orders, but that those orders must be appropriate. Now, Congress did not define the term appropriate. And that's why we presented the issue below to ask them to determine whether or not in this circumstance, those orders which granted service connection as opposed to applied the diagnostic code were appropriate orders. Counselor Faulkner, is that correct? Yes, Your Honor. Okay. May it please the Court. This is an unusual appeal because Mr. Steele is already receiving 100% disability plus a special monthly compensation. The VA also gave Mr. Steele a sympathetic reading of his claims and helped him develop those claims. Indeed, Mr. Steele was often successful at the Board. While Mr. Steele has raised attenuated legal arguments here to this Court, there's simply no error that requires correction. And before I jump into the specific arguments in the briefs, I'd like to make a reference about diagnostic code 8045 because I believe that some of the assertions here were incorrect. Now, that is a schedule of ratings for neurological conditions, including a traumatic brain injury. And the schedule itself has 10 facets. Each of those facets, including, you know, cognitive impairment and subjective symptoms, each of those facets can have a different rating, 0, 1, 2, 3, or total. Not every facet has up to total. So, for example, the subjective symptoms at issue in this appeal has 2, which is equivalent to 40%. Mr. Steele has actually been rated in 2017 as 70% disabled based on his TBI, and that was based on the orientation facet, meaning he's disoriented as to time, space, people, situations, two of those four. So he already has that 70% rating, which raises the question, he's capped at 40% for the subject of symptoms, so it's unclear what could be done there. And the way it worked, is that overlapping with the primary concern that he has medically of what you just talked about? Yes, Your Honor, so this all gets to the point of, well, what about the combined ratings and rating these different conditions separately under diagnostic codes to arrive at a greater increased rating, which I already said he's, you know, Mr. Steele's at 100% with a special monthly compensation check already. And to follow up on what Judge Brannon at least asked, if you respond, I think all of us are wondering why opposing counsel is so interested in getting this done separately. If you can respond why, it wouldn't make any difference. I'm assuming that's why everyone below us has done what they've done. Yes, Your Honor. First of all, I think that's incorrect. I think those assertions were incorrect, and it would not make a difference, and I think we can look at this case, and I'll get into that here. So under diagnostic code 8045, the veteran is entitled to the highest rating. So in this case, like I said, that's a 3, which is 70%, not the 40%. There's no average. That's to the veteran's benefit. He gets that 70%, and that TBI is a separate rating. Now, Mr. Steele, in this case, the 2017 rating decision, he also had a 50% migraine. So that 50% migraine and that 70% TBI is then combined, and at that point, I think he had a 90% rating. After the 2022 board decision and the Veterans Court decision, Mr. Steele actually got a 50% rating for his right-hand tremors, a 40% rating for his left-hand tremors. The AOJ in that instance maintained a 70% rating for TBI, but the overall rating combining all those different diagnostic codes and ratings ended up being 100%. Now, there are no separate diagnostic codes for fatigue, dizziness, and memory loss. Those are subject of symptoms. They're residuals of a TBI. They can also be residuals of other diseases. But my discussions with the VA, and certainly Mr. Steele hasn't identified any, but there's not a diagnostic code that could be 10% disabled based on this memory loss. Those are only to increase a potential rating with a TBI. In this particular case, is he left in a better position, let's say, if we were to agree with Mr. Carpenter? No, Your Honor. I think Mr. Steele's benefits have been maximized at every turn. I think the board has ruled in his favor consistently. The board consistently overturned, in fact, the AOJ decisions. It's remanded for further medical evaluations, and eventually it's extended his effective date back to 2013. So I think the board did a good job here maximizing the benefits for Mr. Steele. And I think this is just kind of the practical speak. Was the AOJ required to rate separately? So for the subject of symptoms, Your Honor, the dizziness, fatigue, and memory loss? Right. So 8045, it states the VA should separately evaluate those residuals if they, quote, may be evaluated under another diagnostic code. So the regulation itself says there has to be another diagnostic code. And there's just not a diagnostic code for dizziness, memory loss, and fatigue separate from these residuals. So no, they would not have to be rated separately. Those three were considered as a subject of symptoms. Is it legal authority for the AOJ to even do that if they wanted to? In that case, no, Your Honor. I don't think they could separately rate them if it's not a diagnostic code. They would just be the residuals of the TBI. And I think, Judge Cunningham, to your question originally, no, those even wouldn't have to be service-connected. These are residuals. You know, as long as a veteran is making these statements and they're found credible by the AOJ, then you don't even need this service connection, which the board found in any case. Can you respond on the 7104D3 argument? So I want to say opposing counsel made an argument about pointing to the reference to appropriate in reference to the orders. Can you respond to that, too? Yes, Your Honor. So this could be one of two arguments. I think the first is simple. Somehow it's inappropriate for the board to have said we're granting service connection for dizziness, memory loss, and fatigue in a single sentence. And I just don't think there's any support for the proposition that those would have to be discussed in a separate sentence structure. The board granted the relief. It was in Mr. Steele's favor. And in this case, the board's decision on those issues, I think it's Appendix 151 to 156. It's five pages long. It's actually pretty good, and it discusses the medical evidence, and it eventually comes out in his favor and says, you know, we're going to grant service connection, secondary service connection as a residual of the TBI. Now the second issue there is, well, maybe he's saying it's not granting appropriate relief because you need to discuss Diagnostic Code 805, and you did not do that. But that's just a completely separate issue. The issue of service connection is different from the issue of rating. Mr. Steele's entitled to a rating in the first instance. That's under this court's precedent. It benefits him because the board isn't going to do this in the first place. It goes back to the administration or to the secretary. The secretary makes the decision in the first instance. It does the rating. And then the board can review it on appeal. He's entitled to an appeal. And in this case, that definitely benefited him because the board was consistently ruling in his favor. So for the board to have done these rating things in the first instance would have deprived him of that appeal, actually. Again, though, I would note that there is no notice of disagreement with respect to a rating issue. Is a veteran still able to make this appeal? It's ongoing right now. The TBI rating decision is below. I spoke with the VA. The VA informed me that it maintained the 70% rating for the traumatic brain injury. And the board is still yet to issue a decision. Would our decision today be material to what is going on right now? Your Honor, we didn't make a mootness argument here. I would say it's being litigated below right now. So there's no basis for the court to make a ruling on the rating issue because, first of all, there's no jurisdiction. There's no notice of disagreement. But, yes, it would be premature because the AOJ and the board are addressing those issues right now. So you agree that the notice of disagreement, that's material. And because of that, because there's not a notice, a nod, then we lack jurisdiction on that particular issue. Yes. On any issue related to rating, there's simply no jurisdiction because there's not a notice of disagreement. And that's under this court's precedence we set it and grant them. I was very clear on that issue. Because the decision only reached the issue of service connection, it logically couldn't reach the issue, the downstream issue, of a rating decision. So at this point it sounds like he's gotten all the relief he could get, in your opinion. Is that right? Yes, Your Honor. Yes, absolutely. Still at 100%. And I do think the board did a good job here in working in his favor. I have nothing else. Thank you, Your Honor. Thank you. Mr. Carpenter, we'll restore you to three minutes. Thank you. If you could address, respond directly to what the opposing counsel said, I'm at a loss of how he does, maybe I just don't do math, why he's at a loss if he's at 100%. I'm not following why you care. I care because I'll direct the court's attention to page two of the Statement of Facts and Courts of Proceedings below in the opening brief, where it identifies the fact that nine years after discharge, he filed a claim for residuals of a head injury. At that particular point in time, and was not separately identified as a disability to the extent of which it is now. And that original rating decision granted him service connection for a scar to his scalp and did not address or deal with the question of whether or not his head injury produced a disability, other than apparently a scar. So there may be future disabilities that you need to address. You're not going to concede he's at 100%. That's right. And what I want to do is get lined up everything that he is entitled to, and then we go back and argue that these should have been granted at least from 1991. Are you representing the veteran now? Yes, sir. Okay. Are you making those arguments below? Yes. Well, excuse me. We're not making those arguments yet below, because we do not have identified and we have been continually having problems with the VA mushing together in a single rating, as opposed to the separate ratings that are called for by this regulation. And that's the key to this case, Your Honor, is to understand that notwithstanding the fact that the government said. Why isn't that a question for Congress to answer and not us? Because the statutes are clear that under 7104A, it is the board's affirmative obligation to address all potentially applicable provisions of law and regulation. And in this case, this diagnostic code was the applicable one, because the issues of service connection were not at issue. What was at issue was an entitlement to recognition of these additional conditions for rating purposes only. And, yes, a mistake was made by not pleading that from the beginning. But this is a system that is wrought with mistakes. And the only way you can correct those mistakes is by asking for judicial review to order the agency to comply with the law. The agency, the board, did not comply with the law when it made the board decision in this case. It appears to have done so because it appears to grant him multiple awards of service connection. But in so doing, he is now in the same trap he was with the PTSD. And this is an issue of both maximizing ratings, and the government got up here and bragged about how the fact they had granted service connection for migraines. They did so as a separate condition. But migraines is one of the specific conditions identified by the VA as a residual of TBI. So it doesn't deserve a separate rating. I'm sorry. Thank you. Thank you very much for your time. We have the arguments. This case is now going into submission.